EARL v. BOARD OF IMPROVEMENT OF MORRILTON.

Opinion delivered February 15, 1902.

1.  LOCAL IMPROVEMENT—PETITION—SIGNATURE OF PARTNER.—Where one of two equal partners signed a petition for a local improvement, the value of one-half only of the partnership property should be counted in the petitioners' list.   (Page 212.)

2.  SECOND LEVY—NECESSITY OF NEW PETITION.—Under Sand. & H. Dig., § 5366, providing that if the first assessment for a local improvement shall prove insufficient, the board shall report the amount of the deficiency to the council, which shall thereupon make another assessment for a sum sufficient to complete the improvement, the council may, before the first assessment is exhausted, make a second levy, without any new petition, where the first assessment is insufficient to complete the work.   (Page 214.)

Appeal from Conway Circuit Court in Chancery.

WILLIAM L. MOOSE, Judge.

Affirmed.

STATEMENT BY THE COURT.

Appellee is the board of improvement, organized under the laws of the state of Arkansas for the purpose of building a system of waterworks in the city of Morrilton.   Appellants, as taxpayers of the city, sued the board in the Conway circuit court to enjoin them from further prosecuting the work.   The case was heard, and the complaint dismissed.   Appeal granted, and sixty days allowed to file bill of exceptions.

*A. F. Vandeventer* and *W. P. Strait,* for appellants.

A husband cannot, in the absence of express authority so to do, sign his wife's name to a petition of property owners for a public improvement.   56 Ark. 217; 61 S. W. 527; 50 Ark. 116.   Nor is the signature of a member of a firm sufficient to bind the property of the firm.   50 Ark. 116.   The proceedings are void for want of consent of the required majority in value of the owners of real estate in the locality to be affected.   Sand. & H. Dig., § 5324; 59 Ark. 344; 50 Ark. 116.   The statute must be strictly construed.

59·Ark. 356; Suth. Stat. Const. §§ 390-4; Endlich, Interp. Stat. §§ 345, 352, 354; Beach, Pub. Corp. §§ 1166, 1177; Cooley, Taxat. 283; Wetty, Assess. § 221; 2 Dill. Mun. Corp. § 769. There was no estoppel.    59 Ark. 344; 58 Ark. 27.

*J. F. Sellers* and *Jordan Sellers,* for appellees.

Where the statute providing for the collection of a tax provides a proceeding for contesting its validity which will amply protect the taxpayer, an injunction will not be granted.   Cooley, Taxat. 762; 23 Ark. 138; 29 Ark. 340; 30 Ark. 128; 10 Am. & Eng. Enc. Law, 857; 25 N. Y. 312; 10 C. E. Greene, 426; 48 N. Y. 513; 2 Blackwell, Tax Tit. § 1061; 16 L. R. A. 729; 51 *id.* 134; 66 Pa. St. 157; 59 N. W. 307; 2 Beach, Inj. §§ 1190-1.   Nothing is before this court for decision as to the sufficiency of evidence, and the evidence is not properly in the record by bill of exceptions.   25 Ark. 503; 38 Ark. 477; 45 Ark. 242; 50 Ark. 443; 58 Ark. 134; 64 S. W. 96.   The railroad property should be excluded from the aggregate.   61 S. W. 575; 68 Ark. 376.   The council had the power to make an additional levy without an additional petition. 42 Ark. 152.

*A. F. Vandeventer* and *W. P. Strait,* for appellants, in reply.

Injunction is the proper remedy.   30 Ark. 101; 50 Ark. 358.

HUGHES, J., (after stating the facts).   Passing by the contention of the appellee that there is no proper bill of exceptions in the case, and also the contention of appellee that injunction will not lie in this case, we proceed to dispose of the case upon what we consider the merits on the two main questions presented.

From the appellants' presentation of the case, in what they present as their bill of exceptions, and the record in the case, does it appear that there was not a majority in value of the property holders in the improvement district who signed the petition for the levy of the tax with which to make the proposed improvement? The total value of property in real estate, as appears by the assessment for state and county taxes, including the railroad property, is $268,279.   The court below found that this was exclusive of railroad property, but this was error, for it includes the railroad property.   The court found the assessable value of the church property, which was not on the tax books, to be $15,000.   There was

evidence tending to show that it was worth in the neighborhood of
$30,000, but there was also evidence that it was not worth nearly
so much, and that the usual way of assessing property for taxation
in that county was at about 50 per cent. of its value. Considering
the conflict in the testimony as to its real value and the evidence as
to the manner of assessing real property in that county, we cannot
say the court erred in putting its value at $15,000 for the purpose
of this case. Add the value of the church property, and we have
$283,289 as the total value of the property in the district assess-
able for the purposes of the improvement. This amount includes
the value of railroad and church property. We find that the total
value of the property of the petitioners is $165,179, from which let
us deduct $26,120, which is the amount that the appellants claim
should be deducted on various accounts, and the petition will then
have $139,059. But included in this amount deducted are the
following amounts, to-wit: $2,050 to Orrel Bros., and $2,400 to
W. T. and S. J. Orrel, which makes $4,450. W. T. Orrel signed
the petition, and we give to the petition one-half of this $4,450, or
$2,225. The evidence shows that W. T. and S. J. Orrel composed
the firm of Orrel Bros.; that $3,465 in the name of Mrs. E. M.
Morril, whose name does not appear on the petition, but who, the
evidence shows, did sign the petition as L. B. Morril, should be
corrected on the petition. These two amounts aggregate $5,690,
which added to $139,059, the amount left after deducting from
the amount on the petition, leaves on it still $144,649, from which
take the amount necessary to a majority, $141,649, and the peti-
tion then has a majority in value of the property in the district
of $3,005. The amount corrected on the petition (one-half the
amount) to W. T. and S. J. Orrel is in accordance with *Ahern* v.
*Board of Improvement,* 69 Ark. 68, 61 S. W. 575. To the above
amount of $3,005 should be added the individual assessment of
W. T. Orrel of $200, increasing the majority for the petition to
$3,205.

The question of the validity of the second levy of $21,000 by
the city council without a new petition is to be considered. Appel-
lant says it would make the amount exceed 20 per cent. of the total
value of the property in the district, the limit beyond which the
law forbids them to go. The total value is $292,284. Twenty per
cent. of this is $58,456.80. Original levy, $32,000. Second levy,

$21,000. Total, $53,000. So the limit of 20 per cent. was not reached by $5,456.80.

Now, as to the validity of this second levy of $21,000 by the council without any new petition. The statute in reference to this is section 5366 of Sandels & Hill's Digest, which reads as follows: "If the assessment first levied shall prove insufficient to complete the improvement, the board shall report the amount of the deficiency to the council, and the council shall thereupon make another assessment on the property previously assessed, for a sum sufficient to complete the improvement, which shall be collected in the same manner as the first assessment. *Provided,* that when any work has been begun, under the provisions of this act, which shall not be completed and paid for out of the first or other assessment, it shall be the duty of the said council to make such assessment for its completion, from year to year, until twenty per centum on the value of the real property of such district shall be collected and consumed in such improvement, unless it be sooner completed; and the performance of such duty may be enforced by mandamus, at the instance of any person or board interested."

It will be perceived that the proviso in this section does not control the discretion of the court in making a second assessment before the first is exhausted, because it appears from the language of the section "that when any work has been begun, *  *  * which shall not be completed and paid for out of the first or other assessment, it shall be the duty of said council to make such assessment for its completion from year to year until twenty per centum on the value of the real property of such district shall be collected and consumed in such improvement, unless it be sooner completed; and the performance of such duty may be enforced by mandamus," etc. This seems to contemplate that more than one assessment may be made before the proviso becomes operative. The first part of this section, that, "if the assessment first levied shall prove insufficient to complete the improvement, the board shall report the amount of the deficiency to the council, and the council shall thereupon make another assessment of the property previously assessed, for a sum sufficient to complete the improvement, which shall be collected in the same manner as the first assessment," *provided* that not more than 1 per centum per annum can be levied till the improvement is paid for, and provided that not more than 20 per centum shall be collected in all, does not restrict the board in the

means of ascertaining that the first assessment will prove insufficient. It may ascertain this by proper estimates made by competent engineers, for instance, or by the testimony and estimates of experts familiar with such work, who had knowledge of the place and conditions where such improvement is to be made. That a second assessment should be made, when necessary, before the first is exhausted seems important, as, in the case at bar, it appears that, without a sufficient assessment to complete the work, bonds cannot be sold to obtain money to have the work done.

Affirmed.